UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.  **DECISION AND ORDER**
 08-CR-354S

CHRISTOPHER BOYD,

                  Defendant.

1. On March 11, 2009, this Court accepted Defendant Christopher Boyd's guilty plea to violations of 18 U.S.C.§ 2319(b)(1) and 17 U.S.C. § 506(a)(1)(A) (copyright infringement), and 26 U.S.C. § 7206(1) (false tax return), which were entered before the Magistrate Judge. (Docket No. 18.) This Court sentenced Defendant on July 28, 2009, to a 46-month term of imprisonment and ordered restitution of more than $2 million. (Docket No. 30.) The judgment was entered on August 10, 2009. (Docket No. 33.) Defendant filed a Notice of Appeal on August 14, 2009. (Docket No. 34.) Presently before this Court is Defendant's Motion for Release Pending Appeal, pursuant to 18 U.S.C. § 3143(b). (Docket No. 41.) The motion is denied for the following reasons.

2. An individual who has been found guilty of an offense, has been sentenced to a term of imprisonment, and who has filed an appeal must be detained unless the court finds that (1) clear and convincing evidence establishes that the individual is not likely to flee or pose a danger to the safety of others in the community if released, and (2) the appeal being taken is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal of the conviction, an order for a new trial, a sentence that does not include imprisonment, or a reduced sentence of imprisonment less than the total of time already served, plus the expected duration of the appeal process. 18 U.S.C. §

3143(b)(1).

3. The Second Circuit has noted that, "[t]hough clearly Congress intended section 3143 to reverse the then prevailing presumption in favor of post-conviction bail, we do not believe it intended . . . to eliminate bail pending appeal." United States v. Randell, 761 F.2d 122, 124 (2d Cir. 1985). Thus, release pending appeal remains available, assuming fulfillment of the factors set forth in § 3143(b)(1). To determine whether an appeal raises a "substantial question," courts look to whether the issue is "one of more substance than would be necessary to a finding that [the appeal] was not frivolous. It is a close question or one that very well could be decided the other way." Id. at 125.

4. Here, Defendant claims to have received ineffective assistance of counsel, and argues that his appeal raises a substantial question concerning whether (1) the statute of limitations bars this prosecution, (2) Defendant's guilty plea was voluntary, (3) the underlying conduct is criminal, and (4) Defendant's sentence was calculated properly.

5. This Court has thoroughly reviewed and considered Defendant's Motion for Release and finds no cause to grant it. First, this Court is familiar with the representation Defendant received during the plea and sentencing phases of this case. Nothing that occurred at that time, nor anything before this Court now suggests that Defendant received anything other than capable, competent representation. Moreover, there is no evidence before this Court that Defendant's guilty plea was coerced, involuntary, or unknowing. Further, in his plea agreement, Defendant admits criminal conduct falling within the statute of limitations period, making the Information to which he pled guilty timely. In addition, Defendant waived his right to appeal "any matter in connection with this prosecution and sentence," and, specifically, any sentence falling within the Guideline range. (Plea

Agreement, Docket No. 16, ¶¶ 31, 37.) Finally, this Court finds that Defendant's assertion that his conduct was exempt from criminal prosecution under 37 C.F.R. 201.40 fails to raise a substantial question. That section applies to non-infringing uses of certain copyrighted works. Here, Defendant's access to the computer programs at issue was unauthorized and infringing. Accordingly, for these reasons, this Court finds that Defendant has not made the requisite showing under 18 U.S.C. § 3143(b) for release pending appeal. Defendant's motion is therefore denied.

IT HEREBY IS ORDERED, that Defendant's Motion for Release Pending Appeal (Docket No. 41) is DENIED.

SO ORDERED.

Dated: December 16, 2009
      Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge